# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| NATHAN HOLMES,<br><br>    Plaintiff,<br><br> v.<br><br>THE TOWN OF PE ELL, a town and municipal corporation within Lewis County, a political subdivision of the State of Washington; and DONALD TARDIFF, an individual,<br><br>    Defendants. | CASE NO. C10-05644BHS<br><br>ORDER |

This matter comes before the Court on Defendants' Motion to Exclude Expert Testimony of Tim Moebes (Dkt. 13). The Court has considered the pleadings filed in support of the motion and the remainder of the file. For the reasons stated herein, the Court provides Plaintiff Nathan Holmes ("Holmes") ten (10) days to file briefing to show why the Court should not grant Defendants' motion.

# I. PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a July 1, 2008 incident, in which Holmes claims he suffered substantial bodily injury when Defendant Donald Tardiff, a Pe Ell police officer, allegedly chased down and struck from behind an off-road vehicle ("ORV") that Holmes was operating. Dkt. 2 at 5. Defendants claim that the operation of the ORV was illegal and reckless. Dkt. 13 at 1-2. Holmes was charged with felony eluding and was convicted of the lesser included offense of failing to obey a police officer. Dkt. 13 at 2.

On August 30, 2010, Holmes filed a complaint in Lewis County Superior Court seeking damages for the bodily injuries that he claims he sustained during the July 2008 incident as a result of Defendants' excessive force and negligence. *See* Dkt. 2 at 4. On September 9, 2010, Defendants removed the action to this Court. Dkt. 2. On January 14, 2011, the Court issued a minute order setting, in part, the jury trial and pretrial dates. Dkt. 12. In that order, the Court set the deadline for disclosure of expert testimony for August 29, 2011, and set the deadline for disclosure of rebuttal expert testimony for September 28, 2011. *Id*. at 1. The Court described the deadlines as "firm dates that can be changed only [by] order of the Court." *Id*. at 2.

On January 13, 2011, Holmes identified Detective J.M. Kelly in his initial disclosures as a prospective witness and noted Detective Kelly's report as one of the exhibits that Holmes intended to use at trial in support of his claims. Dkt. 14 at 9-11. On August 29, 2011, pursuant to FRCP 26(a)(2), Holmes disclosed Detective Kelly as his primary accident investigation expert. Dkt. 14 at 14-15. In that disclosure, Holmes explained:

Detective J.M. Kelly, Washington State Patrol. Performed investigation of officer involved accident. . . .

This witness will testify as to the accident scene and the investigation of the accident, including the location of the vehicles, damage to the vehicles and the condition of the roadway and surrounding area.

*Id*. Defendants also disclosed Detective Kelly as an expert based on the opinions in his accident investigation report. Dkt. 14 at 2.

On or about September 28, 2011, pursuant to FRCP 26(a)(2), Holmes disclosed Tim Moebes as a rebuttal witness to "Defendant's disclosure of experts." Dkt. 14 at 17. Holmes explained that "[Mr. Moebes] has extensive training in accident reconstruction and will be offered to testify as to the opinions outlined in his attached report specifically with respect to the investigation and probable causes of the accident." Dkt. 14 at 18-25.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of witnesses who may be called to offer expert testimony at trial and a written report containing the witness' opinions and identifying supporting materials. *See* Fed. R. Civ. P. 26(a)(2). If a party fails to make a timely disclosure under Rule 26, the party may be sanctioned pursuant to Federal Rule of Civil Procedure 37, which provides in part as follows:

> (1) Failure to disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> A. May order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> B. May inform the jury of the party's failure; and

C. May impose other appropriate sanctions, including any of the orders listed in Rule 37)b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) gives "teeth" to the disclosure requirements of Rule 26(a) by forbidding use at trial any information not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, Rule 37(c)(1) does not strip the district courts of discretion to allow expert testimony in appropriate circumstances; indeed, it contains an express exception under which a court may excuse a failure to timely serve an expert report where the failure was substantially justified or is harmless. *Id*. at 1106-07. The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id*. at 1106. To determine whether sanctions are appropriate, the Ninth Circuit considers the following: (1) the public interest in the expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less severe sanctions. *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

In this motion, Defendants seek to exclude Mr. Moebes's testimony on two grounds: (1) Mr. Moebes was not timely disclosed in compliance with the Court's case schedule; and (2) Mr. Moebes's purported testimony is inadmissible.

As an initial matter, the Court notes that Holmes opted not to respond to Defendants' motion. The Court finds Holmes's non-response especially problematic given the nature of the arguments made in Defendants' motion. Defendants challenge the motivations underlying Holmes's expert disclosures, arguing that Holmes essentially

seeks to switch his primary accident investigation expert after the applicable deadline and, in so doing, has characterized Mr. Moebes as a "rebuttal" witness to circumvent that deadline. The Court may consider Holmes's failure to respond as an admission that Defendants' motion has merit. *See* Local Civil Rule 7(b)(2).[1]

On the merits, the Court has concerns regarding the timing of Holmes's disclosure of Mr. Moebes. Holmes had previously named Detective Kelly as his primary expert witness, and, although Holmes presents Mr. Moebes as a general rebuttal to "Defendants' disclosure of experts," it appears from the nature of Mr. Moebes's report that Holmes seeks Mr. Moebes's testimony specifically to rebut the testimony of his *own* primary expert, Detective Kelly. Although the Court is not aware of any authority permitting or prohibiting this apparent maneuver, the Court cannot permit a party to deliberately engage in procedural gamesmanship. Accordingly, the Court is inclined to grant Defendants' motion.

Even so, the Court finds that Defendants' motion relies in large part on argumentative assertions that, although ostensibly compelling, justifies further inquiry. This is especially so where a ruling excluding Mr. Moebes could effectively derail Holmes's entire case. In light of these circumstances, the Court orders that Holmes has

---

[1]Local Civil Rule 7(b)(2) states:

>    (b)(2) *Obligation of Opponent.* Each party opposing the motion shall, within the time prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

ten (10) days from the date of this order to provide the Court with good cause why the Court should not grant Defendants' motion. If Holmes fails to provide an adequate response within the stated period, the Court will issue a ruling granting this motion.

In the response, the Court directs Holmes to explain the circumstances and motivations underlying his decision to essentially seek to rebut his own primary expert. To the extent that Holmes seeks to introduce Mr. Moebes to rebut experts other than Detective Kelly, the Court asks for the specific identity of those experts and the relevant topics for which Mr. Moebes's testimony is necessary. Finally, to the extent that Holmes is able to provide the Court with a justifiable reason not to exclude Mr. Moebes, the Court asks Holmes to explain why the Court should not allow Defendants additional time to secure a "rebuttal" witness to Mr. Moebes.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Court will grant Defendants' Motion unless Holmes can provide the Court within ten (10) days of this order with good cause why the Court should not exclude the purported expert testimony of Tim Moebes.

Dated this 6th day of December, 2011

_____
BENJAMIN H. SETTLE
United States District Judge